John LONBERG, an individual; Ruthee Goldkorn, an individual, Plaintiffs–Appellants,

and

United States of America, Intervenor,

v.

SANBORN THEATERS INC, a California corporation d/b/a Market Place Cinema; Salts, Troutman & Kaneshiro Inc., a California corporation; West Coast Realty Investors Inc., a Delaware corporation, Defendants–Appellees.

No. 99–56221.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 7, 2001.

Filed Aug. 6, 2001.

Amended Sept. 27, 2001.

Terence J. Kilpatrick (argued), San Diego, California, for the plaintiffs-appellants.

Gregory F. Hurley and Michael J. Mills (argued), Kutak Rock, Newport Beach, California, for the defendants-appellees.

Before: D.W. NELSON, O'SCANNLAIN, and KLEINFELD, Circuit Judges.

## ORDER

O'SCANNLAIN, Circuit Judge.

The opinion filed August 6, 2001 [259 F.3d 1029], is hereby ordered amended as follows:

Slip Op. at 10115 [259 F.3d at 1032]: In the first sentence of the first paragraph, change "party to the appeal" to "party to the action".

Slip Op. at 10123 [259 F.3d at 1036]: After the last sentence of Part III.D., ending in "by the district court," insert a footnote that reads:

The appellants and amicus raise the issue of *Chevron* deference. Specifically, Lonberg, Goldkorn, and the United States argue that to the extent Title III of the ADA is ambiguous with regard to who can be liable for "design and construct" discrimination, we should defer to the Department of Justice's ("DOJ") interpretation of its own regulations, which suggest that architects who do not own, lease, or operate a building can be held liable, *ADA Title III Technical Assistance Manual*, III–5.1000, at 46 (Nov.1993) (asserting that liability extends to "[a]ny of the entities involved in the design and construction" and that "in any lawsuit, ... the architect ... and the construction contractor may all be held liable....").

*Chevron* deference is, of course, only warranted when the statute at issue is ambiguous. *See Lujan–Armendariz v. INS*, 222 F.3d 728, 749 (9th Cir. 2000) (finding that, when a statute is "not ambiguous or uncertain," "there is no occasion to apply *Chevron*'s deference rule."). Because we conclude that the statute is unambiguous, as extension of liability to architects would "create[ ] a category of liability found nowhere in the text or legislative history of the ADA," slip op. at 10120, we decline to reach this argument.

With this amendment, the panel has voted unanimously to deny the petition for rehearing. Judges O'SCANNLAIN and KLEINFELD have voted to deny the petition for rehearing en banc. Judge D.W. NELSON recommended that the petition for rehearing en banc be denied.

The full court has been advised of the petition for rehearing en banc and no active judge has requested a vote on whether to rehear the matter en banc. Fed. R.App. P. 35.

The petition for rehearing and the petition for rehearing en banc are DENIED.